be more likely to allow visitation than Father, who denied Mother any visitation for significant periods of time throughout the parties' separation. Finally, the trial court interviewed all of the children. Stacey told the trial court that she wished to live with Father, and Rachael indicated her desire to live with Mother. Mikey and Bradley, who were only 6 and 3 years old at the time of trial, did not indicate whom they preferred for their custodian. After careful review of the record and the transcript, this court is not left with a firm belief that the trial court's judgment is wrong. Thus, the judgment of the trial court is affirmed.

SPINDEN, C.J., P.J., and LOWENSTEIN, J., concur.

torney General, Jefferson City, MO, for respondent.

Before LISA WHITE HARDWICK, Presiding Judge, JOSEPH M. ELLIS, Judge and RONALD R. HOLLIGER, Judge.

### ORDER

PER CURIAM.

Clayton A. Peterson appeals from the denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. After a thorough review of the record, we conclude that the judgment is based on findings of fact that are not clearly erroneous and that no error of law appears. An extended opinion would have no precedential value but a memorandum explaining our reasoning has been provided to the parties.

Judgment affirmed. **Rule 84.16(b).**

Clayton A. PETERSON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 60251.

Missouri Court of Appeals, Western District.

June 25, 2002.

John M. Schilmoeller, Assistant State Public Defender, Jefferson City, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Adriane Dixon Crouse, Assistant At-

Leonard E. DAWSON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 60232.

Missouri Court of Appeals, Western District.

June 25, 2002.

